UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARREN POST,

    Petitioner,

vs.

D.L. RUNNELLS, Warden,

    Respondent.
_____/

No. C 05-4323 PJH (PR)

**ORDER GRANTING EXTENSION OF TIME TO APPEAL AND DENYING CERTIFICATE OF APPEALABILITY; RULINGS**

    This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The court denied the petition in a ruling entered on March 2, 2009. Judgment was entered that day. On April 15, 2009, petitioner filed a motion for an extension of time to "file an Objection to Magistrate's Report and Recommendation." In it he says that "[o]n March 2, 2009, the Magistrate Judge filed a 'Report and Recommendation' which recommended that [the] petition for writ of habeas corpus be denied." That is, it is clear that he did not realize that the denial was not a report and recommendation, nor that it was not issued by a magistrate judge.

    On May 20, 2009, petitioner filed a "Motion for Leave to File a Late Notice of Appeal or Reopen the Time for Appeal," a motion for a certificate of appealability ("COA"), a notice of appeal, a motion to proceed in forma pauperis ("IFP"), a motion for an extension of time to provide a certificate of funds in his inmate account, a motion to appoint counsel, and a declaration in support of the motion to appoint counsel.

    Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides:

    (5) Motion for Extension of Time.

        (A) The district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise.  If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later.

Fed. R.App.P. 4(a)(5)(A)-(C).

To be timely, a motion for an extension of time to appeal must be filed within thirty days of expiration of the usual time to appeal under the rules.  The usual time to appeal for a civil case like this one is thirty days.  Fed. R.App.P. 4(a)(1)(A).  The motion for an extension of time to appeal thus must be filed within thirty days from expiration of the thirty days to appeal, i.e., within a total of sixty days from the date judgment is entered.  Sixty days from the March 2, 2009, judgment was May 1, 2009.  The motion for an extension of time to appeal (document 37) filed on May 20, 2009, was not timely and for that reason is **DENIED**.

Petitioner's "Motion Requesting Extension of Time" to file objections to the nonexistent report and recommendation, however, *was* filed within thirty days of the judgment, so would be timely if treated as either a motion for extension of time to appeal or as a notice of appeal.

It is clear from the motion that what petitioner wants is an extension – he does not say he wants to appeal, and the motion does not meet the requirements for a notice of appeal set out in Rule 3(c)(1) of the Federal Rules of Appellate Procedure.  It therefore cannot be treated as a notice of appeal.  On the other hand, although petitioner is asking for an extension of time to object to a nonexistent report and recommendation, it is clear that he means the ruling in this case, that he wants an extension, and that his inability to get access to the law library because it was closed provides "good cause" as that term is

used in Rule 4(a)(5)(A).  Because petitioner is pro se, the court will treat "object" as meaning "appeal" and treat the motion as a motion for an extension of time to appeal.  So treated, the motion (document number 35 on the docket) is **GRANTED**.  The time to appeal is **EXTENDED** to the date of this order.  The previously-filed notice of appeal therefore now takes effect.  *See North American Specialty Ins. Co. v. Correctional Medical Services, Inc.*, 527 F.3d 1033, 1039 (10th Cir. 2008) (notice of appeal filed before grant of extension of time to appeal effective upon grant).

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  The certificate is granted "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set out in the order denying the petition, jurists of reason would not find the result debatable or wrong.  Petitioner's requests for a certificate of appealability (documents number 36 & 45) are **DENIED**.

Petitioner's motions to proceed IFP, for an extension of time to file a certificate of funds, and for counsel (documents 39, 40, 41 and 44) are **DENIED** without prejudice to renewing them before the court of appeals if that court grants a COA.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals.  *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated:  August 4, 2009.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.05\POST323.EXT-APP.wpd